IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAVERNE J. VONDAL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-41-GF-BMM-JTJ<br><br>ORDER |

On May 6, 2015, LaVerne J. Vondal filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Vondal is a state prisoner proceeding pro se. On May 11, 2015, Vondal filed a "Motion for Stay and Abeyance" (Doc. 3), asking this Court to stay his habeas petition while he pursues an appeal in the Montana Supreme Court from the denial of his postconviction petition.[1]

### I. Vondal's Allegations/Procedural History

Vondal's petition contains four claims for relief. First, he contends that he received ineffective assistance of counsel when his attorney: abandoned him, failed to investigate his case, coerced him, and continued representation despite a conflict

---

[1] A review of the Montana Supreme Court Docket confirms that Vondal has an active case pending: DA 15-0282, Vondal v. State (filed 5/6/15). The Montana Supreme Court has not yet set a briefing schedule. Available at: http://supremecourtdocket.mt.gov (accessed June 4, 2015).

1

of interest. Pet. (Doc 1) at 4 ¶ 13A. Second, Vondal claims that there was an illegal search and seizure because:

> Sanitation employee [sic] were acting as agents of the state when they entered the property and seized garbage from behind the house without permission or a warrant and they turned garbage over to Sheriff's deputy who was standing by watching. All this activity was performed on a non-scheduled pick up day.

*Id.* at 5 ¶ 13B.

Next, Vondal alleges judicial misconduct because the trial judge made himself "a witness for the state when he testified in court, without being sworn in, as to the chain of custody of a search warrant issued by him." *Id*. at 9. Vondal also asserts that the trial judge made an unnecessary trip to the crime scene to see if the search warrant he signed had been executed. *Id*. Finally, Vondal claims that, collectively, these claims violated his right to due process under the Fourteenth Amendment. *Id*. at 9-10.

Notably, these allegations are substantially similar to those raised by Vondal in a prior habeas proceeding. *See Vondal v. Frink*, CV 11-42-GF-SEH-RKS, Pet. (Doc. 1) ¶15A1, ¶15B1, ¶15C. There, United States Magistrate Judge Keith Strong ultimately found that Vondal's petition should be dismissed with prejudice as time barred and procedurally defaulted without excuse. *Vondal v. Frink*, CV 11-42-GF-SEH-RKS, (Doc. 12) at 5 (Aug. 29, 2011). After de novo review by the District Court, Judge Strong's findings were adopted in full. Order, *Vondal v.*

*Frink*, CV 11-42-GF-SEH-RKS (Sept. 14, 2011).

Following the denial of his 2011 federal habeas petition, Vondal filed a petition for an out of time appeal with the Montana Supreme Court. *See, State v. Vondal*, No. DA 13-0417. The Court denied Vondal's request as time-barred. Order, *State v. Vondal*, No. DA 13-0417 (Mont. July 13, 2013).

On January 31, 2014, Vondal filed a state habeas petition, arguing that his original sentence was facially invalid and that his due process rights were violated by the trial court's imposition of conditions on his parole eligibility. *See, Vondal v. Frink*, No. OP 14-0079 (Mont. January 31, 2014). The State conceded that the trial court purported to impose conditions for which it lacked authority; the Court granted Vondal's petition. Order, *Vondal v. Frink*, No. OP 14-0079 (Mont. April 16, 2014). The Court directed the trial court to issue an amended judgment and sentence to clarify that the probation/parole conditions not expressly authorized by statute were instead recommendations to the parole board. *Id*. The challenge to the terms of his sentence was the only issue Vondal raised in his state habeas petition.

According to Vondal, the trial court amended the judgment on May 9, 2014. Pet. (Doc. 1) at 4 ¶2. Vondal did not file a direct appeal from the amended judgment; thus, his conviction became final 60 days after entry of the written judgment, that is, on July 8, 2014. See, Mont. R. App.P. 4(5)(b)(i)(2014);

3

*Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

Vondal filed a petition for postconviction relief following the amendment of his judgment. The petition was denied, and Vondal subsequently appealed the denial of the petition to the Montana Supreme Court. Notice of Appeal, *Vondal v. State*, No. DA 15-0282 (Mont. May 6, 2015). Contemporaneously, Vondal filed the habeas petition in this Court (Doc. 1), as well as the Motion for Stay and Abeyance (Doc. 3).

## II. Second or Successive

Vondal's case is unique. At first glance, it appears the claims Vondal now raises are either time-barred and procedurally defaulted, or that the current petition is second or successive under 28 U.S.C. § 2244(b)(1). Between the filing of the 2011 federal habeas petition and the current petition, Vondal obtained an amended judgment, via habeas relief, from the Montana Supreme Court. In the Ninth Circuit, the latter of two petitions is not "second or successive" if there is a "new judgment intervening between the two habeas petitions." *Wentzell v. Neven*, 674 F. 3d 1124 (9th Cir. 2012) (*citing Magwood v. Patterson*, __ U.S. __, 130 S. Ct. 2788, 2802 (2010)). Relying upon *Johnson v. United States*, 623 F. 3d 41 (2d Cir. 2010), the *Wentzell* court reasoned "where a first habeas petition results in an amended judgment, a subsequent petition is not successive, even if its claims could have been raised in a prior petition or the petitioner 'effectively challenges and

4

unamended component of the judgment.' " *Wentzell*, 674 F. 3d at 1127 (*citing Johnson*, 623 F. 3d at 46). Thus, Vondal's petition is properly before the Court and should not be dismissed as a second or successive petition even though it may appear that his claim challenges an unamended portion of the judgment.

### III. Exhaustion and Stay

Vondal requests that this court stay his petition so that he may pursue his postconviction appeal in state court. Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the Court has the ability to stay a mixed federal habeas petition to permit exhaustion of additional claims in state court.

Vondal did not previously present the claims raised now to the state court. In fact, it was observed that the "Montana Supreme Court has never even laid eyes on [Vondal's] claims." *Vondal v. Frink*, CV 11-42-GF-SEH-RKS (Doc. 12) at 7. By virtue of Vondal's state filings following the dismissal of his 2011 federal habeas petition, the state court now has the opportunity to review Vondal's claims. For this Court to determine whether Vondal is entitled to a stay while that occurs, it is necessary to determine which, if any, of Vondal's claims are exhausted and which remain unexhausted.

The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). To meet

the exhaustion requirement, a petitioner must: (1) use the "remedies available," 28 § 2254(b)(1)(A), through the State's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id*. A petitioner must meet all three prongs of the test in one proceeding.

In the law of habeas, "state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). "[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted." *Id*. at 93.

The challenge in the instant case is that the Court does not know exactly what claims Vondal intends to raise in the state court. Since filing his state habeas petition in 2014, which was granted, Vondal timely filed a postconviction petition and a subsequent appeal from that proceeding. *See, Vondal v. State*, DA 15-0282. Vondal did not, however, file a direct appeal following the issuance of the amended judgment. Vondal's failure to file a direct appeal created at least one exhausted claim: his third claim for judicial misconduct. Additionally, it appears

6

that Vondal's first claim, stemming from ineffective assistance of trial counsel is not yet exhausted.

      i.      Exhaustion analysis

Vondal's first claim involving allegations relating to the ineffective assistance of trial counsel remains unexhausted. Pursuant to Montana Code Annotated § 46-21-105(2) (2015), grounds for relief that a petitioner reasonably could have raised on direct appeal may not be raised thereafter in a petition for postconviction relief. The allegations Vondal makes in regard to ineffective assistance are most likely not documented in the record, therefore they could not have been raised on direct appeal. Ineffective assistance of counsel is a claim that may be raised in a postconviction proceeding. Thus, Vondal's first claim is not yet exhausted because he may properly present the IATC claim on the post-conviction appeal to the Montana Supreme Court.

The second claim Vondal raises in this petition pertains to an illegal search and seizure. Generally, a federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state provided the prisoner a full and fair opportunity to litigate the Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 482, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *Moormann v. Schiriro*, 426 F. 3d 1044, 1053 (9th Cir. 2005). Because Vondal did not raise this claim on direct appeal, it is exhausted.

7

*Woodford*, 548 U.S. at 93.

Vondal's third claim, pertaining to judicial misconduct, is record based and should have been raised on direct appeal. It appears that when Vondal became aware of the trial court's involvement and commentary on the search warrant, he attempted to withdraw his guilty plea. *See, Vondal v. Frink*, CV 11-42-GF-SEH-RKS (Doc. 12) at 2. Due to the nature of this claim, Vondal should have pursued it in a direct appeal, either from the conviction or from the amended judgment, because he did neither, there is now no "established state remedy available" to him to seek review of the claim. Thus, this claim is exhausted. Because Vondal's petition appears to be mixed, this Court has the ability to grant a stay.

      ii.     Stay

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the Court may stay a mixed federal habeas petition to permit exhaustion of additional claims "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Following the denial of his 2011 habeas petition in this Court, Vondal appears to have been diligent in his subsequent attempts to obtain relief in state court. Vondal's current federal petition was timely filed within the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations following the

issuance of the amended judgment on May 9, 2014, which became final on July 8, 2014.  The present petition was filed on May 6, 2015.  Vondal's appeal from the postconviction proceeding was likewise filed on May 6, 2015.  Dismissing Vondal's claim now, rather than imposing a stay, would potentially result in the imposition of a time bar against Vondal's petition, should he attempt to return to federal court after presenting his claims to the Montana Supreme Court.  The petition was timely when Vondal filed it in this Court.

Whether the Montana Supreme Court will hear any of Vondal's claims on the merits or deem them time-barred and/or defaulted remains to be seen.  The doctrine of comity and the discretion afforded this Court by *Rhines* both weigh in favor of granting a stay to allow Vondal to attempt to pursue his claims in the state court.  This is why the *Rhines* Court recognized the legitimacy of a stay to allow further exhaustion in state court.  *See, Rhines*, 544 U.S. at 272-73.  This decision, however, should not be read to mean that the Court finds the claims Vondal now raises to be meritorious.  Rather, it is in an abundance of caution that this Court is granting a stay.

Under the unique circumstances here, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278.  This matter will be stayed to permit Vondal to continue pursuing the pending appeal in the Montana

Supreme Court.

Based on the foregoing, the Court enters the following:

**ORDER**

1. This matter is **STAYED** to allow Vondal to proceed with his postconviction appeal currently pending in the Montana Supreme Court.

2. Vondal must file a status report in this Court on or before **July 15, 2015,** to advise the Court of any filing he has made in state court. Provided Vondal timely files his appellate brief in state court, the stay in this Court will be continued pending disposition of Vondal's action in state court. If Vondal does not continue to pursue relief in state court in compliance with this Order, his claims will be subject to dismissal with prejudice.

3. <u>Vondal must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 10th day of June, 2015.

    /s/ John Johnston
John Johnston
United States Magistrate Judge