IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LAVERNE J. VONDAL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-41-GF-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner LaVerne Vondal's application for writ of habeas corpus under 28 U.S.C. § 2254. Vondal is a state prisoner proceeding pro se.

## I.    28 U.S.C. §2254 Petition

### A. Procedural History

Vondal challenges convictions for Operation of Unlawful Clandestine Laboratory and two counts of Criminal Endangerment handed down in Montana's Fifteenth Judicial District, Sheridan County, on November 15, 2004. See, (Doc. 28-28).  Vondal was sentenced to forty years in prison with twenty-five of the years suspended.

1

Vondal then engaged in a lengthy and convoluted path toward collateral review of his 2004 conviction, which included the filing of a prior federal habeas petition. Vondal's first federal petition was ultimately dismissed with prejudice as time-barred and procedurally defaulted. *Vondal v. Frink*, CV-11-42-GF-SEH, Or. (D. Mont. Sept. 14, 2011).

The procedural history from 2014 to Vondal's present filing was included in this Court's order to Vondal to show cause as to why his pending petition should not be dismissed as procedurally defaulted and will not be repeated herein. *See* (Doc. 33 at 2-6). Vondal was directed as to how he could make such a showing. *Id*. at 7-8. Vondal timely responded. (Doc. 34). As set forth below, because Vondal has not demonstrated adequate cause to excuse the procedural default, his petition should be dismissed.

## B. Vondal's Claims

Vondal claims: (1) an illegal search and seizure occurred in violation of the Fourth Amendment, (Doc. 22 at 4-5); (2) trial counsel provided ineffective assistance of counsel by failing to file a suppression motion, failing to adequately investigate his case, failing to file his direct appeal, and laboring under a conflict of interest (*id*. at 5-7); (3) the trial judge was biased and engaged in misconduct (*id*. at 7-8); and, (4) Vondal was denied a fair trial in violation of his right to due process. *Id*. at 9. Vondal seeks immediate release from custody and expungement of his

criminal record.  He asks this Court to order the state courts to allow him to file his direct appeal and appoint conflict-free counsel to represent him.  *Id*. at 11.

### C. Vondal's Response to Order to Show Cause

In order to demonstrate a legitimate cause excuse for his default Vondal was advised he that he might show "'some objective factor external to the defense'" prevented him from raising his claims in state court. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also* (Doc. 33 at 7-8).  Vondal was also instructed he could establish requisite "prejudice" if he could show that each error he alleges was serious enough to undermine confidence in the outcome of the proceeding. *Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (en banc) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also* (Doc. 33 at 7-8).

Vondal contends that cause exists to excuse his procedural default, because his appointed counsel effectively abandoned him on direct appeal.  (Doc. 34 at 3). This abandonment, in turn, resulted in Vondal's direct appeal being left uncompleted.  *Id*. at 4.  Vondal asserts that his attorney also failed to follow the proper procedure, under both state and federal law, from withdrawing her representation.  *Id*. at 4-5.  Vondal goes on to argue that the prejudice to excuse the default can be presumed in a situation such as his, when one has been abandoned by counsel and denied his Sixth Amendment right to the effective assistance of

counsel.  *Id*. at 6.

### D. Analysis

Because Vondal's response goes back to his 2004 conviction, direct appeal,

and postconviction proceedings, a closer examination of the procedural

developments during that timeframe is warranted.  This history was previously

explained as follows:

> The Montana Supreme Court has never even laid eyes on Petitioner's
> claims.  He did not pursue a direct appeal from his conviction.  He used the
> State's established appellate review process to ask the Montana Supreme
> Court to decide whether the trial court correctly denied his motion to amend
> the judgment.  But he did not timely file the motion to amend in the trial
> court, and he challenged only restitution anyway.  He raised none of his
> current claims in that motion or on appeal from its denial.
>
> Petitioner also asked the Montana Supreme Court to exercise supervisory
> control over the trial court when it denied his postconviction petition under
> what he describes as either Uniform District Court Rule 2 or no authority at
> all.  Had Petitioner asserted his postconviction claims in his petition for writ
> of supervisory control the Montana Supreme Court might have deemed his
> petition a postconviction appeal and addressed his claims.  But it could not
> do that.  All Petitioner presented- once in his petition for supervisory control
> [ ] and again in his petition for rehearing of his petition for supervisory
> control [ ] was his theory of what Uniform District Court Rule 2 means.
> The Montana Supreme Court accordingly, denied supervisory control,
> because Uniform District Court Rule 2 is mooted by Mont. Code Ann. § 46-
> 21-201(1)(a)(2003).  Petitioner never asked the court to hear his actual
> postconviction claims, because he did not appeal the dismissal of his
> postconviction petition.
>
> As a result of Petitioner's needless resort to extraordinary remedies like
> supervisory control instead of an ordinary, garden-variety appeal, he failed
> to present any of the claims in the federal petition to the Montana Supreme
> Court.

*Vondal v. Frink*, CV-11-42-GF-SEH, (Dkt. No. 12 at 7-8).

In Vondal's first habeas petition, much like he does now, Vondal asserted cause to excuse the default based upon his attorney's failure to file a direct appeal. But, this Court previously determined that even if Vondal was denied the effective assistance of counsel on direct appeal that was not the cause of his failure to present any of his claims to the Montana Supreme Court. *Id*. at 9-10. Rather, it was Vondal's own failure to appeal the denial of his postconviction petition and instead resort to unconventional and extraordinary remedies that resulted in his failure to fairly present his claims. *Id*. at 10.

Nothing has changed relative to this analysis in the seven years that have elapsed since the filing of Vondal's original petition.   Taking Vondal's claim of abandonment at face value, he offers no new information now that would cause this Court to excuse his procedural default at this juncture that did not exist during his original filing.  Nothing about the original analysis has changed.  It wasn't Vondal's counsel's purported failure to file a direct appeal that resulted in the Montana Supreme Court not hearing the federal claims he raises, rather, it was Vondal's own failure to appeal the denial of his postconviction petition that resulted in the claims never being fairly presented to the state court.  In short, Vondal has not demonstrated that his default is due to an external objective factor "that cannot be fairly attributed to him." *Manning v. Foster*, 224 F. 3d 1129, 1133

(9th Cir. 2000).

All of the claims Vondal seeks to advance in this federal petition are procedurally barred.  Vondal has failed to show adequate cause to excuse the procedural default.  His petition should be dismissed with prejudice.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Vondal has not made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is procedurally defaulted, and Vondal is unable to establish cause to excuse the default, reasonable jurists would

6

find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court at this time.  A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Amended Petition (Doc. 22) should be **DISMISSED** with prejudice as procedurally defaulted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Vondal may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Vondal must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in

---

[1]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Vondal is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

dismissal of his case without notice to him.

DATED this 28th day of February, 2018.

_/s/ John Johnston_____
John Johnston
United States Magistrate Judge